OPINION
Appellant, Lisa C. Booher, originally injured her back on September 10, 1990, while working at the Neff Perkins Company, by sitting on a broken chair, which collapsed. Her workers' compensation claim arising from the injuries sustained was paid. The injuries for which she was given benefits were: acute cervical sprain; acute thoracic sprain; and, cervical-dorsal myofascitis. In 1996, appellant filed a claim for an additional allowance relating to the 1990 injury for "thoracic outlet syndrome," which was denied. She did not appeal the denial of the claim.
In March 1997, appellant filed a claim seeking benefits for an occupational disease, "thoracic outlet syndrome." The claim was denied by the Industrial Commission and all subsequent administrative appeals were also denied. On January 8, 1999, appellant filed a complaint in the Geauga County Court of Common Pleas, appealing the denial of her claims.
On July 2, 1999, appellee, the Bureau of Workers' Compensation, filed a motion for summary judgment and claimed that the injury for which appellant sought benefits had already been litigated and her new claim was barred on the grounds of resjudicata. They submitted as evidence appellant's previous claims and letters from her doctors that stated the cause of her injury as the 1990 accident. Appellant filed a brief in opposition, with no attached evidentiary material. She pointed to an exhibit submitted by appellee, a letter from her doctor, that stated that the cause of her occupational disease was the repetitive hand and arm activity required in her employment. On July 21, 1999, the trial court granted appellee summary judgment. The trial court concluded that appellant had raised no issue of fact that the occupational disease claim was different from the previously litigated injury claims and, even if it were, she had not met the requirements to prove an occupational injury.
Appellant raises the following assignment of error for our review:
 "The trial court erred to the prejudice of the plaintiff-appellant by granting the defendant-appellee's motion for summary judgment."
In her sole assignment of error, appellant asserts that the trial court erred in granting summary judgment because there was evidence that her occupational disease was caused by repetitive hand and arm movement and not the single traumatic injury that was the subject of the other claim.
A motion for summary judgment will be granted when it is determined that: no genuine issue as to any material fact remains to be litigated; the party moving for summary judgment is entitled to judgment as a matter of law; and, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267; Civ.R. 56(C). To determine if summary judgment was appropriate in the instant case, we must decide whether, when construing the evidence most strongly in favor of appellant, a genuine issue of fact exists that she suffered a compensable occupational disease. In State ex rel. Ohio Bell Tel.Co. v. Krise (1975), 42 Ohio St.2d 247, 327 N.E.2d 756, syllabus, the Supreme Court of Ohio held:
 "An occupational disease is compensable under R.C. 4123.68(BB) where the following criteria exist: (1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally."
In granting summary judgment, the trial court concluded that, not only was the claim barred by res judicata, but that appellant had not satisfied the requirements to establish that she had suffered an occupational disease. Though appellant presented evidence that the injury was contracted through her employment, nowhere does she allege that the second requirement, that the disease was peculiar to her employment, or the third requirement, that she was at greater risk than the general public to contract the disease, needed to establish an occupational disease, were met. Appellant's assignment of error is without merit; therefore, the trial court did not err in granting summary judgment.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
 __________________________ ROBERT A. NADER, Judge
FORD, P.J., CHRISTLEY, J., concur.